ELLIS, Judge:
This is a suit by Kenneth L. 'Hodges and Betty Devillier Hodges for the wrongful death of their son, Timothy Hodges. Defendants are Missouri Pacific Railroad Company, W.C. Holland, and the State of Louisiana, through the Department of Transportation and Development. After the plaintiffs rested their case, the defendants moved for a directed verdict. The motions were granted, and plaintiffs’ suit was dismissed. From the judgment of dismissal, plaintiffs have appealed.
Timothy Hodges was killed when the automobile he was driving crashed into a stationary tank car at the intersection of the Missouri Pacific track and Louisiana Highway 987-3. The record reveals that Highway 987-3 is a blacktop road, 20 feet in width, running east and west. The railroad is a single track line, running north and south. There is no appreciable change in the level of the highway at the intersection, which is protected by a crossbuck warning sign. The highway is straight for some distance approaching the crossing from the west, and there is no impediment to the view.
On the night of the accident a 65-car train was stopped while the engine was being turned around. The 18th car from the rear of the train was straddling Highway 987-3. Since the distance between the front and rear wheels was 42 feet, no part of the wheels or undercarriage of the car was on the roadway. The tank car was 13 feet nine inches high, had a clearance above the ground of 45 inches, and was painted white. Rocky DiBenedetto, the only eyewitness to the accident, testified that the tank car was gray and dirty, but that he had no difficulty in seeing it as he approached from the east.
*1083 Mr. DiBenedetto testified that he stopped his automobile at the crossing to wait for the train to move. He stated that he could see clearly under the tank car, and that he left his headlights burning, on dim. After a few minutes, he saw the Hodges vehicle approaching from the west, with its headlights burning, driving about 55 miles per hour. He testified that the car did not slow as it approached. It hit the tank car, passed beneath it, and wound up in a ditch on the east side of Louisiana Highway 1, which intersected Highway 987-3 about 80 feet east of the tracks. Young Hodges was pronounced dead at the scene.
The trial judge found that the fact that the intersection was unlighted, that the tank car was straddling the highway, and that one could see approaching traffic under the tank car were unusual circumstances which required the railroad to give special warning to approaching motorists. Since no such warning was given, he found that there was a prima facie showing of negligence on the part of the railroad, which was, of course, subject to rebuttal. However, he further found that Timothy Hodges, had he been paying attention and had he been keeping his vehicle under proper control, would have seen the railroad car blocking the road. He therefore found contributory negligence which barred recovery for young Hodges’ wrongful death.
Although we doubt the correctness of the finding of negligence on the part of the railroad, we pretermit consideration of that point, since we are of the opinion that the trial judge was correct in his finding of contributory negligence on the part of Timothy Hodges. The record shows that he had driven on the road before. The weather was clear and the road was straight and dry. The crossbuck sign was in place. The lights of the DiBenedet-to car were on dim, and should not have blinded Hodges. The law requires a motorist to stop for a railroad crossing when a train is near. R.S. 32:171; R.S. 45:563. A motorist approaching a railroad crossing is charged with seeing what he could have seen. Rodriguez v. Illinois Cent. Gulf R. Co., 395 So.2d 1369 (La.App. 1st Cir.1981).
We therefore find no error in the conclusion of the trial judge that Timothy Hodges failed to exercise the degree of care required by law, in that he failed to see what he should have seen. As the trial judge said: “... if he had been paying attention, would have seen this big white tank car ahead of him astraddle on the tracks.... Assuming he had his headlights on and assuming that he was paying attention and keeping his car under control, he should have seen the railroad car blocking the tracks.”
The judgment appealed from is therefore affirmed, at plaintiffs’ cost.
AFFIRMED.